Weygandt, C. J.
As in the case of Clark v. Clark, ante, 457, the basic question here involved is whether the trial court was within its jurisdiction in awarding a division of property in the divorce action.
If the trial court did possess such jurisdiction in the divorce *461 action, the decree therein is valid in all respects, and the instant action for a partition of the property will not lie, inasmuch as it would constitute a collateral attack on the decree in the earlier action in which the property rights were adjudicated completely-
It should be noted that there is at least one important difference between the Clark case, supra, and the Arbogast divorce case. The Arbogast divorce case was decided before the effective date of the amendment to Section 3105.20, Revised Code, while the Clark case was decided subsequently. At the time of the decree in the Arbogast divorce case on June 27, 1951, Section 11993, General Code, still was in effect. It then read:
“When the divorce is granted by reason of the aggression of the wife, the court may adjudge to her such share of the husband’s real or personal property, or both, as it deems just; or the husband shall be allowed such alimony out of the real and personal property of the wife as the court deems reasonable, having due regard to the property which came to the wife by marriage, and the value of her real and personal estate at the time of the divorce. Such alimony may be allowed to him in real or personal property, or both, or by decreeing to him such sums of money payable either in gross or by installments, as the court deems equitable.”
Under the first provision of that statute, it is apparent that the trial court was vested with jurisdiction to divide the property, and could have awarded the wife a share of the husband’s property even though the divorce was granted by reason of her aggression. However, the court awarded the property to the husband. Although the award is without designation in the decree, it is apparent that the court acted under the provision that “the husband shall be allowed such alimony out of the real and personal property of the wife as the court deems reasonable.” This was consistent with that part of the husband’s prayer “for such other and further relief as this honorable court may deem proper. ’ ’
Inasmuch as the divorce decree stands unreversed and unmodified, the wife no longer has any interest in the property and is not entitled to a partition thereof. The lower courts were not in error in holding that the facts alleged in the amended *462 petition are not sufficient to constitute a cause of action in partition.

Judgment affirmed.

Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.